REBECCA STRONG, *executrix*, *vs.* DANIEL PERKINS.

An executor derives his authority from the testator and may commence an action, as such, before probate of the will.

DEBT upon a judgment, rendered by a justice of the peace in this county, in favor of *Robert Strong*, the plaintiff's testator, against the defendant, in March, 1814. The cause was submitted to the decision of the court upon the following facts.

After the rendition of the judgment, on which this action was founded, *Robert Strong*, who lived at Portland, in the state of Maine, died, having, by his will, appointed the plaintiff his executrix, who caused the will to be duly proved, in a probate court, in Maine, and took upon herself the burthen of executing it, before the commencement of this action in the year 1818. This suit was commenced in the court of common pleas, and was brought to this court, by appeal, in 1820. On the 23d October, 1823, the plaintiff caused the said will to be filed in the probate office, in this county, and took upon herself the burthen of executing the will here, in manner and form as the statute requires.

And it was agreed, that if, upon the above facts, the court should be of opinion, that the plaintiff was entitled to judgment, the defendant should be defaulted, otherwise the plaintiff to become nonsuit.

*Pearson* and *Bell*, for the plaintiff.

*Young* and *Sullivan*, for the defendant.

RICHARDSON, C. J. There seems to be no doubt, that in England, an executor may commence an action before probate of the will. *Lovelass* 190–196.—9 *Coke* 38, in *Hensloe's case.*—1 *Roll's Ab.* 917.—3 *Lev.* 57, *Duncomb vs. Walter.*—*Godolphin* 145.

But, as it is necessary, in their practice, to make a profert of the letters testamentary in declaring, they cannot regularly declare, in England, before probate. 2 *Chitt. Plead.* 56 *and note*. The omission of a profert is, however, in such case, only defect in form. 1 *Chitt. Plead.* 400.

If, in our practice, it were necessary to make a profert of the letters testamentary, an action could not regularly be

Strong
*vs.*
Perkins.

commenced here before probate of the will; because we always declare at the commencement of the action. But we never, in our practice, insert a profert of the letters testamentary, in the declaration. There is, therefore, nothing in our practice, which can create any embarrassment in commencing an action before the will is proved.

In our system of jurisprudence, a will cannot be used as evidence, in any court of common law, until it has been duly proved and allowed in a court of probate. When it has, however, been proved and allowed there, it becomes conclusive evidence in all other courts; and neither the due execution of the instrument, nor the capacity of the testator can be called in question. Yet still the authority of the executor is derived not from the court of probate, but from the testator. That court settles the question, whether the instrument is the will of the testator, and by its decree allowing it as such gives it authenticity. But this is the whole effect of the decree. When the instrument has been duly proved and allowed in the court of probate, no new authority is given to the executor; but it is conclusively settled, that the instrument, from which the executor claims to derive his authority is the will of the testator, and is to be considered as such from the time of his death.

We are therefore of opinion, that the plaintiff, in this case, is entitled to judgment, and that the defendant must, according to the agreement, be defaulted.